IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIM NO. 10-553 |
| v. | : | |
| RICHARD P. KAUFMAN | : | |

## GOVERNMENT'S MOTION FOR REVOCATION OF BAIL

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Joan E. Burnes, Assistant United States Attorney for the District, hereby moves pursuant to 18 U.S.C. § 3148 for revocation of the defendant's bail and the entry of an order of pretrial detention. There is both probable cause to believe that defendant Richard P. Kaufman has engaged in new criminal conduct and clear and convincing evidence of violations of conditions of release.

Based on these circumstances, there is no reason to believe that the defendant will comply with the conditions of bail, or that he will appear for trial. The government therefore respectfully requests that the defendant's bail be revoked and he be detained pending trial.

I. <u>Applicable Law</u>.

Title 18, United States Code, Section 3148 provides, in pertinent part, as follows:

> (a) Available sanctions. -- A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation

of release, an order of detention, and a prosecution for contempt of court.

(b) Revocation of release. -- The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --

> (1) finds that there is --
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that --
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

In this case, there is both probable cause of new criminal conduct and clear and convincing evidence of violations of conditions of release. The defendant's conduct makes clear that he is unlikely to abide by the conditions of release, and that the Court cannot be assured of his appearance at trial.

II.      <u>Background</u>.

On August 24, 2010, a grand jury returned an indictment charging Richard P. Kaufman with one count of corruptly endeavoring to obstruct or impede the due administration of the internal revenue laws, three counts of false claims, and four counts of failure to file tax returns. The Indictment was sealed. On August 25, 2010, after the defendant's arrest, the Indictment was unsealed and the defendant was scheduled for arraignment in front of Magistrate Judge M. Faith Angell. At the arraignment, an individual named Michael Norley, who is neither a licensed attorney nor member of the bar of this court, attempted to "represent" defendant Kaufman. The parties were directed to the district court emergency Judge Eduardo Robreno. Mr. Norley's request to "represent" the defendant was denied and the federal defender was appointed. After arraignment, Judge Robreno released the defendant on $ 20,000 o/r bail to be secured by the posting of 10% ($2,000) cash prior to appearance in front of this Court on August 26, 2010. The $2,000 was posted on August 26, 2010 and the conditions were re-imposed by this Court. One of the conditions of pretrial release was that the defendant "shall not commit a federal, state, or local crime during the period of release." Further, the

defendant was instructed that "You shall inform the Pretrial Services Officer immediately if you charged with an offense." The defendant signed a Pretrial Release Reporting Instruction Form on August 26, 2010 stating that he understood the conditions of his release.[1]

At a hearing on September 8, 2010, defendant Mr. Kaufman was detained after defendant and his spouse rescinded their agreement to set bail and requested that the money Ms. Norris-Kaufman had posted be returned.[2] Days later, on September 13, 2010, Kaufman filed a counseled "Motion for Bail" (Docket #14), requesting that the court re-impose the previously entered conditions of bail. After a hearing on September 14, 2010, all previous conditions of bail were reinstated and the defendant was released.

It has now come to the government's attention that, within days of his release, the defendant has violated the conditions of bail by engaging in new criminal conduct and failing to report his arrest to pretrial services. Specifically, on September 17, 2010, defendant was arrested by Pennsylvania State Police and charged with Aggravated Assault, Simple Assault, Harassment and Criminal Conspiracy.[3] According to the criminal complaint, defendant used a green baseball bat to hit an individual multiple times

---

[1] Specifically, defendant Kaufman signed the form as "richard philip of the family kaufman."

[2] Mr. Kaufman was also ordered to undergo a mental health competency examination, which apparently took place on September 14, 2010.

[3] Defendant's "representative" Michael Norley was also arrested and charged.

4

on the head, chest, and face, drawing blood and causing injury. Defendant was released on September 17, 2010 by posting 10% of a $25,000 bond. Preliminary hearing is scheduled for September 23, 2010. As of September 22, 2010, the defendant had not reported this arrest to pre-trial services.

Because the defendant engaged in new criminal conduct which is a threat to public safety, this Court should revoke his bail. It is increasingly apparent that there are no conditions of bail which can assure his compliance. Further, because he so blithely disregards the orders of this Court, there is no reason to believe that, when the time for trial and the final accounting for his wrongdoing arrives, the defendant will obey the Court and appear as ordered.

Under the statute, revocation is appropriate because there is probable cause that the defendant has committed new crimes and because there is "clear and convincing evidence that the [defendant] has violated [another] condition of release." Further, the second requirement of revocation is satisfied because it is apparent that the defendant "is unlikely to abide by any condition or combination of conditions of release," and, in the alternative, "there is no condition or combination of conditions of release that will assure that the [defendant] will not flee."[4]

---

[4] Moreover, because there is "probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

For all of these reasons, the government respectfully requests that the defendant's bail be revoked and that he be detained pending trial.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney


RICHARD P. BARRETT
Assistant United States Attorney
Section Chief


_____
JOAN E. BURNES
Assistant United States Attorney


DATED: September 23, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 10-553 |
| RICHARD P. KAUFMAN | : |

ORDER

And now, this _____ day of _____, 2010, a hearing regarding the defendant's alleged violations of the conditions of pretrial release will be held on _____ in Courtroom _____.

BY THE COURT:

_____
HONORABLE J. CURTIS JOYNER
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of the Government's Motion for Revocation of Bail to be served this date, by electronic filing upon the following individual:

Stuart M. Patchen, Esquire
Federal Defenders Association
Suite 540 West, Curtis Center
601 Walnut Street
Philadelphia, PA 19106

JOAN E. BURNES
Assistant United States Attorney

Date: September 23, 2010