

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

615 Chestnut Street

Suite 1250
Philadelphia, Pennsylvania 19106-4476
(215) 861-8200

January 24, 2011

**VIA ELECTRONIC FILING AND REGULAR MAIL**

The Honorable Theodore A. McKee
Chief Judge
United States Court of Appeals
United States Courthouse, 21st Floor
601 Market Street
Philadelphia, PA  19106

   Re: United States v. Richard P. Kaufman
     E.D. Pa. No. 10-553

Dear Judge McKee:

  Please find attached the Government's Motion for Reconsideration of Designation of District Judge for Service in Another District Within the Circuit.

          Respectfully yours,

          ZANE DAVID MEMEGER
          United States Attorney


          /s Joan E. Burnes
          JOAN E. BURNES
          Assistant United States Attorney


cc: The Honorable Juan R. Sanchez
   The Honorable Stanley R. Chesler
   Mr. Richard P. Kaufman
   Stuart Patchen, Esq.

IN THE UNITED STATES COURT OF APPEALS

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

      v.                     :     No. 10-533

RICHARD P. KAUFMAN            :


GOVERNMENT'S MOTION FOR RECONSIDERATION OF
DESIGNATION OF DISTRICT JUDGE FOR SERVICE
<u>IN ANOTHER DISTRICT WITHIN THE CIRCUIT</u>

      The government respectfully requests reconsideration of Chief Judge McKee's order, entered on January 13, 2011, transferring this matter from Judge Sanchez in the Eastern District of Pennsylvania to Judge Chesler in the District of New Jersey.  This order, of which the government had no prior notice, apparently rests on defendant Richard P. Kaufman's action in filing an utterly frivolous lawsuit against Judge Sanchez and numerous other state and local officials.

      This criminal prosecution was originally assigned to Judge Joyner in the Eastern District of Pennsylvania. Kaufman then named Judge Joyner in his initial civil

complaint, leading Chief Judge Bartle of the district court to transfer the matter to Judge Sanchez. Kaufman promptly added Judge Sanchez to the lawsuit (as well as Chief Judge Bartle), apparently leading to the latest transfer. Plainly, there is no end to this cycle. Further, as a matter of law, the absurd civil lawsuit filed by Kaufman against numerous judges and officials provides no basis for disqualification or recusal of anyone. For these reasons, the government requests that the latest transfer order be vacated and that the prosecution proceed before Judge Sanchez.

I.  Background.

   A.  The Criminal Prosecution.

   On August 24, 2010, a grand jury in the Eastern District of Pennsylvania returned an indictment of Kaufman, charging him with one count of attempting to obstruct the lawful function of the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a); three counts of making false claims, in violation of 18 U.S.C. § 287; four counts of failing to file tax returns or supply information, in

violation of 26 U.S.C. § 7203; and aiding and abetting, as described in 18 U.S.C. § 2.

The indictment states, in part, that Kaufman, a dentist residing in Glen Mills, Pennsylvania, has not filed tax returns since 1992, and endeavored through numerous stratagems to obstruct and impede the IRS, such as (1) using the name of a trust to conceal ownership of his property from the IRS; (2) submitting or causing to be submitted false and fraudulent documents, titled "Registered Bond for Discharge of Debt," to the IRS in purported payment of his federal tax liabilities; (3) submitting or causing to be submitted false and fraudulent documents, titled "Bonded Promissory Notes," to the IRS to purportedly redeem funds for payment to his creditors;[1] (4) filing or causing to be filed altered IRS Forms 1040 and IRS Forms 1099-OID (Original Issue Discount), which reported fictitious amounts of federal income tax withheld and which claimed fraudulent

---

[1] These bogus documents purported to create an "account" at the IRS, and then directed the IRS to pay Kaufman's creditors from this account. Kaufman sought payment of numerous debts, including a $340,221.80 civil judgment, $75,514.10 owed to Citizens Bank, $64,585.04 owed to Key Equipment Finance, and additional debts totaling over $30,000.

refunds totaling approximately $865,041 for tax year 2008; and (5) sending and causing to be sent threatening correspondence to government employees, including IRS Special Agents engaged in a criminal investigation of Kaufman.

At his initial appearance, defendant Kaufman attempted to have an individual named Michael Norley, who is not a licensed attorney, "represent" him in this federal criminal proceeding. This request was denied. Kaufman then elected to proceed pro se, with Stuart Patchen of the Defenders Association appointed standby counsel.

On September 16, 2010, both Kaufman and Norley were arrested by the Pennsylvania State Police and charged with aggravated assault, simple assault, harassment, and criminal conspiracy. According to the criminal complaint, Kaufman and Norley attacked two men who tried to repossess Kaufman's car pursuant to an outstanding debt. Norley allegedly struck one of the men on his head, face, and leg with a metal bar, and then hit the other on his head, neck, and arm. Kaufman, in the meantime, emerged from his house with a baseball bat, hit one of the repo men in his chest

and head, and held him up against his car to stop him from helping his co-worker.

The government in this case then moved to revoke Kaufman's bail, and Judge Joyner, to whom the prosecution was then assigned, held a hearing on the matter. At its conclusion, Judge Joyner reimposed bail, with the special condition that Kaufman have no contact with his local co-defendant, Norley.

B.  <u>Kaufman's Civil Suit</u>.

Shortly after the local incident, Kaufman and Norley, on September 22, 2010, filed a pro se civil complaint, no. 10-cv-1610-HHK, in the United States District Court for the District of Columbia. The document, captioned "Complaint on Contract and Promise on Value (Sweat Equity) Loaned," consists of, essentially, gibberish, extensively featuring the sort of nonsensical statements found in the writings of so-called "tax protesters" who attempt to evade the government's taxing authorities. In the caption of the complaint, the plaintiffs are identified as:

```
The People of the State of Pennsylvania
ex rel.
Richard Philip Kaufman
Non-commercial situs
Foreman, De jure Grand Jury
of the People of Pennsylvania
c/o 311 Ivy Lane
Glen Mills community
Pennsylvania state republic
(610) 529-4465

and

Michael Norley
Non-commercial situs
Foreman Pro Tempore, De jure Grand Jury
of the People of Pennsylvania
c/o 910-912 Greene Countrie Drive
VI est Chester community
Pennsylvania state republic
(610} 620-5940
```

The complaint names the IRS (described as a "Puerto Rico special fund" and as "[a]n unregistered foreign trust operating in Washington District of Columbia"), the Depository Trust Company, the Depository Trust and Clearing Corp., and Magisterial District 32-2-49 (where Kaufman and Norley were arraigned on their local arrest).

The original complaint named 20 individual defendants by name: the commissioner of the IRS; the Secretary of the Treasury; the chairman of the Federal Reserve Board; five officers of the Depository Trust and

Clearing Corporation;[2] Judge Joyner; Judge Robreno (who presided over Kaufman's arraignment in this case); Magistrate Judge Angell (who presided over Kaufman's initial appearance); district court clerk Michael Kunz; United States Attorney Zane David Memeger; and Assistant United States Attorney Joan E. Burnes (the assigned prosecutor in this case). The complaint also named seven alleged "agents" of the IRS, two of whom actually are IRS agents -- Jeffrey S. Brown, the case agent, and Joseph C. Keiper, an agent who participated in the arrest of Kaufman. The other five are state officials involved in the local arrest: district judges Richard M. Cappelli and David R. Griffin; Patricia Witt, a clerk in the magisterial district court; Angela L. Martinez, the director of the prothonotary's office in the Delaware County Court of Common Pleas; and Erjon Mollaj, the state trooper who made the arrest.

      The complaint is nonsensical. Here is a typical sample of its prose:

---

[2] The Depository Trust and Clearing Corporation, through its subsidiaries, provides clearing, settlement, and information services for the issuers of equities, bonds, money market instruments, and other securities.

> The INTERNAL REVENUE SERVICE ("IRS"), formerly known as the Bureau of Internal Revenue, is a person, a corporation foreign to the United States administrative entity, a private debt collector and not a United States agency by its own admission, a trust - "Puerto Rico special fund (Internal Revenue)" - constructed by the Puerto Rico Government subsequent to United States invasion (1898) in agency to the One People, Plaintiffs herein, through the States in republic Union, which operates in commerce transacting in credit procured from Plaintiffs' sweat equity in the creation of private credit money and usury in support thereof.

Complaint at 8 (the complaint is attached as Exhibit A). The complaint continues in a similar vein for 26 pages. To the extent that the largely unintelligible pleading can be deciphered, it appears to seek: (1) review of a purported "contract" between the IRS and the plaintiffs; (2) a response to a bill of particulars; (3) a full and independent audit and accounting of the IRS, DTC, DTCC, and magisterial district court; (4) a declaration that the plaintiffs are "immune from process" by the United States and/or any of its agencies or employees; and (5) cessation of all tax collection and/or criminal prosecutions of the plaintiffs. This complaint is similar to numerous "tax protestor" complaints filed throughout the country, asserting, among other propositions, that the plaintiff is sovereign and not subject to federal taxation, and that the

IRS is not authorized to levy and collect taxes.  These lawsuits have never succeeded in accomplishing anything other than wasting the time of judges and attorneys involved in the process of dismissing the suits.[3]

    C.    <u>Recusal of Judges</u>.

After the civil complaint was filed in the District of Columbia, Chief Judge Bartle of the Eastern District of Pennsylvania entered an order on October 15, 2010, transferring the case to Judge Sanchez, presumably because Judge Joyner was named as a defendant in the District of Columbia suit.  The transfer occurred without notice to the parties or an opportunity to be heard.

Within a short time, on November 19, 2010, Kaufman and Norley responded by filing a pleading in their civil action entitled "Joinder of Additional Parties for Just Adjudication."  No. 10-cv-1610-RLW, DDE # 73 (attached as

---

[3] Kaufman and Norley's bizarre averments continue throughout subsequent filings in the Washington, D.C. case. For example, in seeking a default judgment against certain defendants, they chide defense counsel for referring to "incorrectly identified procedural phantoms," that is, Kaufman and Norley by their given names. Virtually every line of their pleadings consists of such statements. <u>See, e.g.</u>, No. 10-cv-1610-HHK, DDE 21 at p. 2.

Exhibit B). This pleading purported to add both Chief Judge Bartle and Judge Sanchez as defendants in the civil action, along with many others.[4]

The additional "defendants" are all of the courts of the Commonwealth of Pennsylvania, and the following officials (all listed by name and described as an "agent for the Internal Revenue Service"): the Court Administrator of Pennsylvania, the Chief Justice of the Pennsylvania Supreme Court, the President Judge of the Pennsylvania Superior Court, the President Judge of the Pennsylvania Commonwealth Court, the President Judge of the Delaware County Court of Common Pleas, the Court Administrator of the Delaware County

---

[4] The pleading begins:

Pursuant to Plaintiffs' reservation of rights under purchase money security interest under purchase money resulting trust in the paragraph final of Plaintiff's Complaint in this law suit contract that this Court recognizes, as an obligation of the United States to provide judicial power review under Constitution pursuant to this suit contract, any and all joinders to this law suit contract presented by Relators, and in acceptance of F. R. Civ. P. 19(a) to which Plaintiffs' do hereby specifically consent, Relators, Plaintiffs' herein, do hereby present the following parties to be joined as Defendants ("Joinder Defendants") to this law suit contract, each of whom is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action.

Court of Common Pleas, the President Judge of the Chester County Court of Common Pleas, Senior Magisterial District Judge Leonard McDevitt, and Judges Edward Griffith and William P. Mahon of the Chester County Court of Common Pleas.

In a letter dated November 23, 2010, the government advised Judge Sanchez of this development, and preemptively stated its position that there was no basis for Judge Sanchez to recuse himself from the matter. The government requested an opportunity to be heard before any such action was taken.

At a pretrial hearing on January 7, 2011, Judge Sanchez stated that he would not recuse himself. However, on January 13, 2011, Chief Judge McKee of the Court of Appeals entered an order stating:

> Pursuant to the provisions of 28 U.S.C. § 292(b), and after satisfying myself that it is in the public interest to do so, I do hereby designate and assign the Honorable Stanley R. Chesler of the District of New Jersey for such a period as is necessary for the disposition of the above-entitled matter.

The government received no notice or opportunity to be heard regarding this matter, and therefore seeks reconsideration at this time.

- 11 -

II. **Argument**.

Defendant Kaufman has twice achieved the reassignment of judges in this criminal prosecution simply by naming them as defendants in an entirely absurd civil suit. That result is improper, and if left to stand, simply creates a vehicle for judge-shopping by defendants. The action also creates unnecessary costs and logistical challenges for the parties. In fact, there is no lawful basis whatsoever for removing Judge Sanchez's assignment to the case (or Judge Joyner's, for that matter), and the latest transfer should be vacated.

The statute cited in the Chief Judge's order, 28 U.S.C. § 292(b), simply states the authority for making a transfer, but not the pertinent standard.[5] In this case, the appropriate standards for disqualification or recusal of a validly appointed judge appear in 28 U.S.C. §§ 144 and 455, but neither statute supports this action in this case.

---

[5] The statute provides:

> The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.

Section 144 provides a party with a mechanism for seeking recusal of a judge. It provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Here, Kaufman has not presented any affidavit at all. To the extent his civil complaint is viewed as such an affidavit, it is plainly lacking.

> To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." [<u>Berger v. United States</u>, 255 U.S. 22, 33-34 (1921).] Clearly, more than mere conclusions are required. <u>Inland Freight Lines v. United States</u>, 202 F.2d 169 (C.A.10, 1953). Facts including time, place, persons, and circumstances must be set forth. <u>Hodgson v. Liquor Salesmen's Local No. 2 of the State of New York</u>, 444 F.2d 1344 (C.A.2, 1971).

<u>United States v. Townsend</u>, 478 F.2d 1072, 1073-74 (3d Cir. 1973). <u>See, e.g.</u>, <u>Jones v. Pittsburgh Nat. Corp.</u>, 899 F.2d

- 13 -

1350, 1356 (3d Cir. 1990) (rejecting affidavit as wholly conclusory).

The complaint states no allegations of bias by any of the judges named, which is not surprising, given that all of the judges, to date, have mostly merely taken administrative actions.  With regard to Judge Sanchez in particular, he has only been assigned to the case for a few months, and not made any statement which would reveal any disqualifying bias.  "Only bias which is personal or extrajudicial in nature is disqualifying," United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989), and Kaufman's complaint does not (and cannot) aver anything of the kind.

Likewise, 28 U.S.C. § 455, which allows a judge to recuse himself of his own accord, is not appropriately invoked here.  Section 455(a) states:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The statute then lists other circumstances requiring recusal, none of which is being named as a defendant in a completely frivolous lawsuit.

Indeed, the law is well-settled that being named in a frivolous complaint is not a basis for disqualification. The Third Circuit explicitly so held in <u>Azubuko v. Royal</u>, 443 F.3d 302 (3d Cir. 2006), stating:

> [T]he mere fact that Judge Hochberg may be one of the numerous federal judges that Azubuko has filed suit against is not sufficient to establish that her recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a). <u>See</u> <u>In re Taylor</u>, 417 F.3d 649, 652 (7th Cir.2005) ("[A] per se rule of disqualification [under § 455(a)] would allow litigants to judge shop by filing a suit against the presiding judge."); <u>United States v. Studley</u>, 783 F.2d 934, 940 (9th Cir.1986) ("A judge is not disqualified [under § 144] by a litigant's suit or threatened suit against him.").

<u>Azubuko v. Royal</u>, 443 F.3d at 304. In this situation, where a defendant has simply named the presiding judge in a lawsuit which states no grounds for relief, no reasonable person could question the impartiality of the judge.

In another pertinent case, the Third Circuit ruled that then-District Judge Hardiman appropriately did not sua sponte recuse himself from a criminal case in which the defendant filed a frivolous complaint of judicial misconduct.

> On the circumstances presented here, we perceive no need for Judge Hardiman to have recused himself on his own initiative from Banks's sentencing. Even assuming that Judge Hardiman had actual knowledge of Banks's

- 15 -

>complaint before sentencing, Banks had already deluged the District Court with numerous and frivolous pro se motions throughout the proceedings, and we are unwilling to conclude that Judge Hardiman erred by not sua sponte recusing himself from sentencing simply because Banks, a convicted defendant who had already clogged the proceedings with pro se motions, also filed a judicial misconduct complaint in addition to his other pro se motions.

United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006).

In this case, Kaufman has never stated any basis for questioning the impartiality of any judge.  Instead, he just adds each newly assigned judge's name to his wholly frivolous pleadings.  Thus, transfer of the case serves only to establish the regrettable precedent that a defendant may control the assignment of the presiding judge just by adding the judge's name to a preposterous "complaint."  Section 144 speaks directly to preventing this result, by barring a litigant from seeking reassignment on more than one occasion.  Kaufman has already had his reassignment; the latest, for which there is no lawful basis, should be vacated.[6]

---

[6] Otherwise, there is every reason to believe that Kaufman will simply continue to add the names of any newly assigned judges to his complaints.  At some point soon, the

- 16 -

Further, the reassignment in this case will pose unnecessary cost and inconvenience to the government and the district court, given that the prosecutors and agents, and the locus of the offense, are in Philadelphia, while Judge Chesler maintains his chambers in Newark.  This is unwarranted, particularly given the fact that nothing involving this case disqualifies the entire bench of the Eastern District of Pennsylvania.

---

common law "Rule of Necessity" would apply, which holds that where it is not possible to locate a judge who is not subject to the disqualification provisions of Section 455, the assigned judge must decide the case.  <u>United States v. Will</u>, 449 U.S. 200, 213-17 (1980).

**For all of these reasons, the government respectfully requests that the Court restore this matter to Judge Sanchez's docket.**

                                      **Respectfully yours,**

                                      **ZANE DAVID MEMEGER**
                                      **United States Attorney**

                                      **/s Robert A. Zauzmer**
                                      **ROBERT A. ZAUZMER**
                                      **Assistant United States Attorney**
                                      **Chief of Appeals**

                                      **/s Joan E. Burnes**
                                      **JOAN E. BURNES**
                                      **Assistant United States Attorney**

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing Users identified below through the Electronic Case Filing (ECF) system:

>Mr. Richard P. Kaufman
>311 Ivy Lane
>Glen Mills, PA  19342

>Stuart Patchen, Esq.
>Defender Association of Philadelphia
>Federal Court Division
>601 Walnut Street, Suite 540 West
>Philadelphia, PA  19106

>/s Joan E. Burnes
>JOAN E. BURNES
>Assistant United States Attorney

DATED:  January 24, 2011.